UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WAYNE QUINN, | No. 2:25-cv-0743 AC P |
| Plaintiff, | |
| v. | ORDER |
| R. PEREZ, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

   I.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a), 1915(b)(1). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     Factual Allegations of the Complaint

The complaint alleges that on July 17, 2024, defendants Perez and Baliton violated plaintiff's Eighth Amendment rights when they failed to protect him from an attack by two inmates. ECF No. 1.  Plaintiff was waiting for a breathing treatment in the medical clinic where defendants were responsible for allowing only those inmates with appointments into the facility. Id. at 3, 5.  Two inmates who did not have appointments were admitted by defendants under the guise of using the scale, and soon afterward both inmates attacked plaintiff.  Plaintiff was pepper sprayed during the assault. Id.

////

III.     Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state a valid claim for relief under the Eighth Amendment[2] against defendants Baliton and Perez for failure to protect.  Plaintiff has not alleged facts showing defendants had knowledge that the specific inmates were a threat to plaintiff's safety or that conditions existed such that allowing any inmate into the facility would pose an excessive threat to his safety.  He also has not alleged that defendants failed to intervene once the assault began.  At most, the complaint demonstrates negligence.  Because of these defects, the court will not order the complaint to be served on defendants.

Plaintiff may try to fix these problems by filing an amended complaint.  In deciding whether to file an amended complaint, plaintiff is provided with the relevant legal standards governing his potential claims for relief which are attached to this order.  See Attachment A.

IV.     Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

---

[2] To the extent plaintiff seeks relief under both the Eighth and Fourteenth Amendments based on the failure to protect, the Eighth Amendment's Cruel and Unusual Punishment Clause governs because plaintiff's incarceration in the California Department of Corrections and Rehabilitation indicates that he is a convicted prisoner rather than a pretrial detainee.  See Castro v. County of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979))).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.      Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Your complaint will not be served because the facts alleged are not enough to state a claim. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards attached to this order. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket

number assigned this case and must be labeled "First Amended Complaint."

    5. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

    6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: October 23, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I.  Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II.  Legal Standards Governing Substantive Claims for Relief

A.  Failure to Protect

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The

1

official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. He must then fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847. Negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.