UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY WAYNE QUINN,

      Plaintiff,

      v.

R. PEREZ, et al.,

      Defendants.

No.  2:25-cv-0743 AC P

ORDER AND FINDINGS AND RECOMMENDATIONS

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  By order filed October 23, 2025, the undersigned screened the complaint, found that it did not state any claims for relief, and provided plaintiff an opportunity to amend the complaint.  ECF No. 6.  Plaintiff has now filed a first amended complaint.  ECF No. 13.

I.     Statutory Screening of Prisoner Complaints

      The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Id. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by

1

statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.    Factual Allegations of the First Amended Complaint

The first amended complaint alleges that on July 17, 2024, defendants Perez and Baliton violated plaintiff's Eighth Amendment rights when they failed to protect him from an attack by two inmates. ECF No. 13. Plaintiff was waiting for a breathing treatment in the medical clinic where defendants were responsible for allowing only those inmates with appointments into the clinic. Id. at 3-6. However, defendants allowed two inmates who did not have appointments to enter the clinic after they asked to use the scale. Id. Shortly after entering the clinic, both inmates attacked plaintiff and defendants failed to intervene in the assault. Id. Plaintiff also alleges that he was pepper sprayed during the assault. Id.

III.   Factual Allegations of the Complaint

Plaintiff's allegations that defendants Baliton and Perez failed to intervene to stop the assault are sufficient to state a cognizable claim for failure to protect under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 833 (1994) ("prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners" (alteration in original) (citation omitted)). Defendants will therefore be required to respond to this claim.

2

IV.    Failure to State a Claim

However, the complaint does not state a valid claim for relief pursuant to the Eighth Amendment against defendants Baliton and Perez for failure to protect based upon letting the other inmates into the medical clinic. "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. He must then fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847. Plaintiff has not alleged facts showing defendants had knowledge that the specific inmates were a threat to his safety or that conditions existed such that allowing any inmates into the clinic would pose an excessive threat to his safety. The general allegation that the officers did not follow policy does not show that they were deliberately indifferent to a substantial risk of serious harm. At most, plaintiff has alleged facts showing defendants were negligent in allowing the inmates to enter without an appointment, which is not sufficient to support a claim for deliberate indifference. Id. at 835 (negligent failure to protect an inmate from harm is not actionable under § 1983).

V.    No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the first amended complaint fails to state a claim for relief based upon defendants allowing the two inmates into the medical clinic without appointments. Plaintiff has already been given an opportunity to amend the complaint and

3

advised what kind of information he needed to provide.  He has provided no additional factual allegations with respect to this claim, and the undersigned is convinced that further leave to amend would not result in additional cognizable claims.  Accordingly, the undersigned finds that further leave to amend would be futile and the failure to protect claim based upon defendants letting other inmates into the medical clinic should be dismissed without leave to amend.

VI.   Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state a claim against defendants and some do not. You have sufficiently alleged a claim for failure to protect against defendants Baliton and Perez for failing to intervene when you were being assaulted and they will be required to respond to this claim.  However, you have not stated a claim against these defendants for failure to protect based upon them letting the inmates into the medical clinic without an appointment and it is being recommended that this claim be dismissed without leave to amend.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.   The first amended complaint states a claim for failure to protect against defendants Baliton and Perez based on their failure to intervene while plaintiff was being assaulted.  Service is appropriate for these defendants.

2.   E-service on defendants Baliton and Perez will be directed by separate order.  Plaintiff should not complete service paperwork for these defendants unless ordered to do so by the court.

3.   The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the failure to protect claim against defendants Baliton and Perez for letting other inmates into the medical clinic be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 2, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE